UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| MALCOLM D. HANSON, | ) | No. 2:23-cv-03112-JGB-JDE |
| Petitioner, | ) | |
| v. | ) | ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |
| TAMMY CAMPBELL, Warden, | ) | |
| Respondent. | ) | |

## I.

## INTRODUCTION

On March 27, 2023,[1] Malcolm D. Hanson ("Petitioner"), a state prisoner, proceeding pro se and without paying the required filing fee or seeking leave to proceed in forma pauperis, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. Dkt. 1 ("Pet." or "Petition").

---

[1] Under the "mailbox rule," "a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail." Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). In the absence of evidence to the contrary, courts have treated a petition as delivered to prison authorities on the date the petition is signed. Here, the Court will afford Petitioner the benefit of the mailbox rule and deems the Petition constructively filed on the signature date for purposes of this Order.

This appears to be the third habeas petition that Petitioner has filed in this Court challenging his 1999 conviction in Ventura County Superior Court ("Prior Conviction"). The first habeas petition was dismissed without prejudice as partially unexhausted on December 21, 2001. See Hanson v. Giurbino, Case No. 2:01-cv-05353-GLT-RZ, (C.D. Cal.) ("First Petition"), Dkt. 17-19.[2] Petitioner filed a second habeas petition in this Court on June 14, 2016, challenging both his Prior Conviction and a 2014 resentencing proceeding. See Hanson v. Baughman, Case No. 2:16-cv-04250-JGB-JDE, (C.D. Cal.) ("Second Petition"), Dkt. 1. That petition was denied and dismissed with prejudice on October 3, 2017. Id. Dkt. 18, 21-22.

In accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), the Court has reviewed the instant Petition and finds it appears to suffer from several defects, rendering it subject to dismissal.

## II.
## PETITIONER'S CLAIMS

1. Petitioner's conviction must be overturned because his admission to the prior conviction allegations was not voluntarily and knowingly made. Pet. at 4-6, 16 (CM/ECF pagination).

2. Petitioner received ineffective assistance of counsel. Pet. at 4.

3. "Vindictive Prosecution" based on Petitioner's "plea agreement" regarding the prior conviction allegations. Pet. at 7.

---

[2] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of Petitioner's prior actions filed in state and federal courts. See United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through [the Public Access to Court Electronic Records]."); Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding).

2

# III.
# DISCUSSION

Pursuant to Rule 4 of the Habeas Rules, the Court must review the Petition and, if it plainly appears from the Petition and any attached exhibits that Petitioner is not entitled to relief, the Court must dismiss the Petition. Here, the Petition appears subject to dismissal for at least four reasons: (1) it is second and/or successive; (2) it is untimely; (3) it was filed on the wrong form; and (4) it is potentially mixed or wholly unexhausted.

## A.	The Petition Appears Second And/or Successive

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." Tyler v. Cain, 533 U.S. 656, 661 (2001). Title 28, United States Code, Section 2244(b) provides, in pertinent part, as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>>> (ii) the facts underlying the claim, if proven and

>     viewed in light of the evidence as a whole, would be
>     sufficient to establish by clear and convincing evidence that,
>     but for constitutional error, no reasonable factfinder would
>     have found the applicant guilty of the underlying offense.
>
>     (3)(A) Before a second or successive application permitted
>     by this section is filed in the district court, the applicant shall move
>     in the appropriate court of appeals for an order authorizing the
>     district court to consider the application.

A petitioner's failure to obtain authorization from the appropriate appellate court before filing a second or successive habeas petition deprives the district court of jurisdiction to consider the petition. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (per curiam); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam).

Here, Petitioner's claims challenge the validity of his Prior Conviction. As noted, however, Petitioner previously challenged the same conviction in a prior habeas corpus petition filed in this Court, which was adjudicated on the merits. In the Second Petition,[3] Petitioner primarily challenged the 2014 resentencing proceedings, but also raised two claims that appeared to relate to his Prior Conviction. See Second Petition, Dkt. 1 at 6, 23-26 (CM/ECF pagination). In analyzing these grounds for relief, the undersigned initially noted that these claims implicated timeliness concerns, but ultimately concluded it was unnecessary to resolve that issue because the claims substantively did not support federal habeas relief. Id., Dkt. 18 at 26-28.  On

---

[3] The First Petition does not implicate Section 2244(b)'s filing restrictions because it was dismissed without prejudice for failure to exhaust state remedies. See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000) ("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition."); In re Turner, 101 F.3d 1323, 1323 (9th Cir. 1997) (as amended).

October 3, 2017, the district court entered judgment on the Second Petition, denying the petition and dismissing the action with prejudice. Id., Dkt. 22. Both the district court and Ninth Circuit Court of Appeals denied a certificate of appealability. Id., Dkt. 20, 26-27.

Thus, the Petition now pending appears to constitute a second and/or successive petition challenging the same Prior Conviction and as such, Petitioner must obtain permission from the Ninth Circuit before this Court can adjudicate the issues raised by the Petition. Petitioner did not include a copy of an order by the Ninth Circuit authorizing this Court to consider the Petition and the Court has not independently been able to locate any such order in a search of online records of the Ninth Circuit. Absent such authorization, it appears the Court lacks jurisdiction to adjudicate Petitioner's claims challenging his Prior Conviction.

**B.   The Petition Appears Facially Untimely**

District courts are permitted to consider, sua sponte, whether a petition is untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard. Day v. McDonough, 547 U.S. 198, 209-10 (2006); Wentzell v. Neven, 674 F.3d 1124, 1126 (9th Cir. 2012). In addition to being second and/or successive, the Petition appears untimely.

Because the Petition was filed after the AEDPA, it is subject to the AEDPA's one-year statute of limitations, as set forth at 28 U.S.C. § 2244(d). See Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner does not appear to contend that he is entitled to a later trigger date under 28 U.S.C. § 2244(d)(1)(B)-(D), and the Court finds no basis for applying a later trigger date. As such, Section 2244(d)(1)(A) governs in this case.

On December 18, 1998, a Ventura County Superior Court jury found Petitioner guilty of assault with a deadly weapon by means likely to produce great bodily injury and battery with serious bodily injury. Petitioner admitted to suffering two prior serious felony convictions and serving two prior prison terms. On March 11, 1999, the trial court sentenced Petitioner to 25 years to life. Pet. at 16-17; Second Petition, Dkt. 1 at 2; id., Dkt. 18 at 2-3.

Petitioner appealed his conviction and on April 3, 2000, the California Court of Appeal denied the appeal. Petitioner's Petition for Review was denied on June 14, 2000. Second Action, Dkt. 1 at 2-3; id., Dkt.18 at 3. As it appears Petitioner did not file a petition for writ of certiorari (Pet. at 2), his conviction became final 90 days later, on September 12, 2000, when the period in which to petition the United States Supreme Court for a writ of certiorari expired. See Harris v. Carter, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The AEDPA's one-year limitations period expired one year later on September 12, 2001. As noted, Petitioner did not constructively file the instant Petition until March 27, 2023, more than twenty years after the expiration of the limitations period. Thus, absent tolling, the Petition appears untimely.

The burden of demonstrating that the AEDPA's one-year limitations period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Zepeda v. Walker, 581 F.3d 1013, 1019 (9th Cir. 2009); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). "A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)). Here, Petitioner does not appear to be entitled to any statutory tolling of the limitations period under 28 U.S.C.

§ 2244(d)(2) as it appears he did not file any habeas petitions in state court prior to the expiration of the limitations period. See Pet. at 2.

In addition to statutory tolling, the AEDPA's one-year limitations period also is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 649 (2010). In order to be entitled to equitable tolling, the petitioner must show both that: (1) "he has been pursuing his rights diligently"; and (2) "'some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace, 544 U.S. at 418). The "threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exceptions swallow the rule." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation omitted). Here, Petitioner does not claim entitlement to equitable tolling and the Court has not found any basis to support such a claim. Thus, equitable tolling does not appear to render the Petition timely.

## C. Other Defects

The Petition was not submitted on a form approved by this district. Rule 2(d) of the Habeas Rules authorizes district courts to require habeas petitions be filed in a form prescribed by the Local Rules. This Court has such a Local Rule. See Local Rule 83-16.1 ("A petition for writ of habeas corpus . . . shall be submitted on the forms approved and supplied by the Court."). The Petition is subject to dismissal for failure to use a Court-approved form.

Separately, under 28 U.S.C. § 2254(b), federal habeas relief may not be granted unless the petitioner has exhausted the remedies available in state courts or an exception to the exhaustion requirement applies. Exhaustion requires that the petitioner's claims be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979); see also Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009). A claim has not been fairly presented to a state court unless the petitioner has

described both the operative facts and the federal legal theory on which the claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275-78 (1971); Greenway v. Schriro, 653 F.3d 790, 801 (9th Cir. 2011). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of demonstrating that he has exhausted his available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam). Here, because Petitioner did not use an approved form that would require information about exhaustion, the Court cannot determine whether his claims have been exhausted, but notes that his response to Question No. 13 on the form habeas petition suggests the Petition is either mixed or wholly unexhausted. Specifically, in response to the question asking Petitioner to identify any claims that have not been presented to any other courts and the reasons for that failure, Petitioner responded, "Ineffective Assistance of Counsel And Fraud." Pet. at 7.

## IV.
## CONCLUSION AND ORDER

For the foregoing reasons, the Petition is subject to dismissal. Petitioner is ORDERED TO SHOW CAUSE, in writing, by no later than thirty (30) days from the date of this Order, why this action should not be dismissed under Habeas Rule 4 for the reasons stated above.

Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). The Clerk is directed to provide a Notice of Dismissal form. However, the Court warns any dismissed claims remain subject to the statute of limitations under Section 2244(d)(1).

Petitioner is cautioned that a failure to respond timely in compliance with this Order may result in this action being dismissed for the foregoing reasons, for failure to prosecute, and for failure to comply with a Court order. See Fed. R. Civ. P. 41(b).

Dated: May 01, 2023

_____
JOHN D. EARLY
United States Magistrate Judge